UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE PATRICIA CAHEE, #429678,

        Plaintiff,

                              CASE NO. 05-CV-73955-DT
v.                              HONORABLE MARIANNE O. BATTANI

ROBERT SCOTT CORRECTIONAL
FACILITY,

        Defendant.
_____/

## **OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

I.       Introduction

       Before the Court is Plaintiff Diane Cahee's civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Scott Correctional Facility in Plymouth, Michigan. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. The named defendant is the Scott Correctional Facility.

       In her complaint, Plaintiff asserts that she was injured when ceiling tiles and water fell on her head and back when she was in the education building of her prison on June 14, 2005. Having reviewed the complaint, the Court dismisses it pursuant to 42 U.S.C. § 1997e(a) for failure to demonstrate exhaustion of administrative remedies.

II.      Discussion

       Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust all available administrative remedies before filing a federal lawsuit challenging conditions of confinement. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Wyatt v. Leonard*,

193 F.3d 876, 877 (6th Cir. 1999).  To demonstrate exhaustion of administrative remedies, a prisoner must attach the decision containing the administrative disposition of his grievance or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.  *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).  Exhaustion is not jurisdictional; but it is mandatory, *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999), even if proceeding through the administrative system would be "futile."  *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir. 1999).  The exhaustion requirement applies to § 1983 actions brought by a state prisoner even if the prisoner seeks monetary relief.  *Lavista v. Beeler*, 195 F.3d 254, 256-57 (6th Cir. 1999).  Federal courts may enforce the exhaustion requirement *sua sponte*.  *See Brown*, 139 F.3d at 1104.

A prisoner must exhaust administrative remedies as to each defendant and as to each claim identified in the complaint.  *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).  The prisoner has the burden of proving that a grievance has been fully exhausted.  *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002).  When a prisoner fails to exhaust administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts those remedies, dismissal of the complaint is appropriate.  *See* 42 U.S.C. § 1997e(a); *Smith v. Federal Bureau of Prisons*, 300 F.3d 721, 723 (6th Cir. 2002).  Total exhaustion is required under the PLRA such that a complaint containing both exhausted and unexhausted claims must be dismissed without prejudice.  *See Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005).  Under the PLRA, a prisoner may not amend the complaint to cure the failure to plead exhaustion of administrative remedies. *See Baxter*, 305 F.3d at 488.

In her complaint, Plaintiff does not allege that she filed any grievances or sought any

administrative relief before filing this federal civil rights action.  She has thus failed to meet her burden of showing that she has fully exhausted her administrative remedies as to the claims contained in her complaint.  Pursuant to the total exhaustion rule, therefore, her complaint must be dismissed.

III.    Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to demonstrate total exhaustion of administrative remedies.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's civil rights complaint.  The Court further concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: November 14, 2005

3